AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means



FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

OCT 10 2024

MITCHELL R. ELFERS
CLERK OF COURT

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Subject Device #2, a black in color Lenovo ThinkPad Compliance ID: TP00035B

Case No. 24-1862 MR

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A black in color Lenovo ThinkPad with a compliance ID of TP00035B, more fully described in Attachment A-2, which is attached and incorporated herein, by reference.

located in the _____ District of ____ New Mexico ____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 26 U.S.C. 5861 (d) | Posession of a Firearm not registered to him in the NFRTR |
| 26 U.S.C. 5861 (f) | Manufacture of a Firearm not registered to him in the NFRTR |

The application is based on these facts:
See Affidavit in Attachment C, attached and incorporated herein.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Colton Ryals, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by ___telephone___ *(specify reliable electronic means)*.

Date: 10 Oct 2024

*Judge's signature*

City and state: Las Cruces, New Mexico

Damian L. Martinez, United States Magistrate Judge
*Printed name and title*

## ATTACHMENT A-2:

Subject Device #2, a black in color Lenovo ThinkPad with green tape covering the front camera with a Compliance ID of TP00035B displayed on the rear. Currently in ATF Property in Las Cruces, NM.





## ATTACHMENT B

1. All records on the SUBJECT DEVICES, more fully described in Attachments A-1 through A-4, that relate to violations of Title 26 U.S.C. §§ 5861 (d) and (f), relating to the unlawful manufacture and possession of Destructive Devices.

    a. Any information regarding the purchasing of materials used in the construction of Destructive Devices.

    b. Any information regarding the ordering of materials used in the construction of Destructive Devices.

    c. Any information regarding the obtained materials used in the construction of Destructive Devices.

    d. Any information regarding the manufacture of Destructive Devices/Explosive materials.

    e. Any information regarding the possession of Destructive Devices/ Explosive materials.

    f. Any information regarding the intended use of Destructive Devices/Explosive materials.

    g. Any information regarding individuals who conspired to construct and/or use and/or detonate Destructive Devices.

2. Records of Internet activity, including firewall logs, caches, browser history, and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic, video, or audio form.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF APPLICATIONS FOR SEARCH WARRANTS

1. I, Colton Ryals, am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since November 2023. Prior to ATF, I was employed by the Saint Clair County Sheriff's Office in Alabama as a Patrol Deputy. As part of the training to become an ATF Special Agent, I attended six months of specialized training sponsored by the Federal Law Enforcement Training Center in Glynco, Georgia. As a result of this training, I have been certified as a federal investigator and have received specific training involving violations of federal laws. I am currently assigned to the Las Cruces, New Mexico Field Office.

2. I make the following affidavit in support of four separate search warrants as part of a federal investigation into potential criminal offenses committed by Frederick URBAN ("URBAN"). The SUBJECT DEVICES ("Subject Device #1," "Subject Device #2," "Subject Device #3," and "Subject Device #4"), more fully described in Attachments A-1 through A-4, incorporated herein by reference, are currently located at the ATF Las Cruces Evidence vault. The SUBJECT DEVICES were lawfully obtained by ATF agents during the execution of a probable cause arrest and a federal search warrant in the District of New Mexico at URBAN's residence, located at 318 Prescott Anthony Dr. Chaparral, NM 88081.

3. The statements contained in this affidavit are based in part on information provided to me by other law enforcement officers and on my investigation of this matter. I have learned the following information in my official capacity, by first-hand observations, as well as by receiving information from federal and local law enforcement officers in reference to this investigation. This affidavit is intended to show only that there is sufficient probable cause for

the requested warrants and does not set forth all of my knowledge about this matter.

4. Based on my training and experience set forth in this affidavit, I submit that there is probable cause to believe that URBAN committed violations of Title 26 U.S.C. §§ 5861(d) and (f), which provide that it shall be unlawful for any person (d) to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record (NFRTR); or (f) to make a firearm in violation of the provisions of this chapter. *Id.* I further submit that there is probable cause to search the Subject Devices, more fully described in Attachments A-1 through A-4, for evidence of these crimes, as more fully described in Attachment B, incorporated herein, by reference.

5. At approximately 8:30 am on August 9, 2024, the ATF Las Cruces Field Office received a phone call from a concerned citizen who advised that the concerned citizen had information about a potential "bomb maker" in the Chaparral, NM area. The concerned citizen stated that the concerned citizen would be coming to the ATF office with evidence. The concerned citizen arrived at the ATF Las Cruces Field Office at approximately 9:15 am, and produced photographs and videos that displayed firearms, bomb making materials, ammunition, firearm accessories, and potential explosives.

6. The concerned citizen also presented a video that displayed a white powder being collected in a small jar. The concerned citizen produced the small jar, and the powder was subsequently tested. The powder tested positive for the presence of potassium nitrate. As a result of my training and conversations with other law enforcement officers, I know that potassium nitrate is a strong oxidizer that is often used in the manufacturing process of explosives. A picture was also shown to ATF Special Agents that displayed large glass jars with white crystal substances suspended in liquid on the inside of the jar. The jars were labeled "APEX." After

speaking with a Certified Explosives Specialist Bomb Technician, New Mexico State Police (NMSP) Explosive Ordnance Disposal Officers, and Federal Bureau of Investigation (FBI) Bomb Technicians, I learned that the term "APEX" was discovered to be a slang term for Triacetone Triperoxide. (TATP).

7. Triacetone Triperoxide is a homemade primary explosive, and is often used in the construction of destructive devices. TATP does not have a commercial or military use due to how unstable the mixture is.

8. On August 9, 2024, a query of the National Firearms Registration and Transfer Record (NFRTR) was conducted by an ATF Intelligence Research Specialist. URBAN is not registered as a possessor of any destructive device, and therefore is prohibited from possessing any destructive device.

9. I know, based on my training and experience, that individuals who possess destructive devices typically manufacture these devices in secret. These individuals research on the internet and various social media applications how to construct Destructive devices. This research is conducted most often on computers and cellular telephones and is stored on various forms of electronic media retention devices. I also know, based on my training and experience, that these individuals often travel to various hardware stores in order to buy all of the components. These individuals also order components online and have them shipped to their residence(s). To conceal their purchases, these individuals often will have components shipped to various addresses in order to compartmentalize information that could lead to them being discovered. These individuals also manufacture, construct or build Destructive devices at their home(s) in order to maintain this concealment from law enforcement and family members.

10. On August 9, 2024, ATF Special Agents with assistance of the Doña Ana County Sheriff's Office and New Mexico State Police conducted an arrest operation that resulted in the arrest of URBAN at his residence. A cellular telephone, Subject Device #1, more fully described in Attachment A-1, was recovered from URBAN's person. URBAN was subsequently taken to the ATF Las Cruces Field office and interviewed. URBAN was advised of his *Miranda* rights and URBAN requested an attorney to be present during questioning. Agents terminated the interview immediately and transported URBAN to Doña Ana County Detention Center.

11. Agents maintained surveillance and security of URBAN's residence throughout the night of August 9, 2024. At approximately 9:15 am. on August 10, 2024, agents and State of New Mexico law enforcement officers executed a federal search warrant of URBAN'S residence.

12. Inside the main residence, agents seized three laptop computers (Subject Devices # 2-4), more fully described in Attachments A-2 through A-4.

13. Agents also seized approximately 1,233 rounds of ammunition, eight firearms, firearm magazines, a notebook containing recipes and ratios for the manufacturing of destructive devices, and digital media storage devices from inside the main residence.

14. A search of the outlying buildings of the residence was conducted resulting in the seizure of homemade gunpowder, approximately 22,237 rounds of ammunition, remote firing systems, homemade detonators, small arms primers, improvised fuses, H02 exploding rifle targets, blasting caps containing TATP, suspected TATP confined in jars, and pipes with cocked strikers.

15. The SUBJECT DEVICES are currently located in the ATF Las Cruces evidence vault in Las Cruces, New Mexico. In my training and experience, I know that the SUBJECT DEVICES have been stored in a manner in which its contents are, to the extent material to this

investigation, in substantially the same state as they were when the SUBJECT DEVICES first came into the possession of ATF. I am aware that electronic devices such as these are capable of recording which could be used to see how URBAN was manufacturing explosive materials and for what purpose. I know that the SUBJECT DEVICES frequently contain records of communications which may also provide evidence of URBAN'S role in the offenses, and the identity of other potential people that assisted URBAN with his criminal activity.

## TECHNICAL TERMS

16. Based on my training and experience, I use the following technical terms to convey the following meanings:

    Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

17. In my training and experience, examining data stored on the Subject Devices can uncover, among other things, evidence that reveals or suggests the purpose and resources that are used for the manufacture of explosive materials.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

18. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time.

19. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct

evidence of the crimes described, but also forensic evidence that establishes how these materials were made and their purpose. There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT DEVICES because:

    a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file, such as a paragraph that has been deleted from a word processing file.

    b.    Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c.    A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d.    The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team, and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

  e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

20. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT DEVICES consistent with the warrants. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrants.

21. Manner of execution. Because the warrants seeks only permission to examine a device already in law enforcement's possession, the execution of the warrants do not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrants at any time in the day or night.

22. Based on the above information, there is probable cause to believe that evidence of violations of Title 26, U.S.C. §§ 5861(d) and (f), are located on the SUBJECT DEVICES. I believe the SUBJECT DEVICES will reveal evidence of who manufactured the explosive materials, the purpose of these materials, and what these materials contained. Therefore, I respectfully request that this Court issue search warrants for the SUBJECT DEVICES, more particularly described in Attachments A-1 through A-4, authorizing the seizure and examination of the items described in Attachment B.

_____
Colton Ryals, ATF Special Agent

Electronically submitted and telephonically sworn on ~~October~~ __10__, 2024.

*[signature]*

Honorable Damian L. Martinez
United States Magistrate Judge